Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 1150 (98 CR 535-1) | DATE | MAY 24, 2000 |
| CASE TITLE | UNITED STATES OF AMERICA v. ROBERT HEISS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Within 10 days, Luis Galvan shall file an affidavit or declaration stating whether Robert Heiss requested that Galvan file a notice of appeal as to Heiss's sentence and conviction in 98 CR 535-1 and, if so, the date the request was made. The statement shall also include any additional facts that may be pertinent to the issue before the court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | 3 number of notices | |
| ✓ | Notices mailed by judge's staff. | MAY 30 2000 date docketed | 7 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 5/25/2000 date mailed notice | |
| WJS courtroom deputy's initials | 00 MAY 27 AM 7:31 | MQM mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
       v.                       )   No. 00 C 1150
                                )       (98 CR 535-1)
ROBERT HEISS,                   )
                                )
            Defendant.          )

**MEMORANDUM OPINION AND ORDER**

DOCKETED
MAY 3 0 2000

On September 7, 1999, defendant Robert Heiss pleaded guilty to one count of intent to commit murder for hire in violation of 18 U.S.C. §§ 2 and 1958. On December 16, 1999, Heiss was sentenced to 87 months' custody to be followed by three years' supervised release, plus a $10,000 fine and $100 assessment. Judgment was entered on December 23, 1999.

On February 22, 2000, Heiss filed a motion pursuant to 28 U.S.C. § 2255. In that motion he states: "I asked my attorney, Mr. Luis Galvan, of the Federal Defender's Program, to appeal my sentence but I have not heard from him since the date of sentencing, 12-16-99. I respectfully request that my appellate rights be restored and that counsel be provided." Before the government responded, Heiss filed a supplement to his § 2255 motion, in which he repeats that counsel failed to appeal his

sentence and complains that, at that point, it had been three months since he last heard from his attorney. He also complains that his attorney allowed his "Sixth Amendment rights to be violated by not demanding a speedy trial." The speedy trial issue apparently is a ground that Heiss contends would be raised on appeal. A copy of the motion and supplement were sent to Galvan, Heiss's trial counsel.

The government responded to the motion and supplement by arguing that Heiss was not entitled to any relief because he could not satisfy the prejudice component of an ineffective assistance of counsel claim in that Heiss had not alleged any meritorious ground for appeal. The government does not expressly or implicitly deny Heiss's allegation that he had requested that his attorney file a notice of appeal.[1] Rule 5(a) of the Rules Governing Section 2255 Proceedings (hereinafter "§ 2255 Rules" or "§ 2255 R.") provides that the government's "answer shall respond to the allegations of the motion." Perhaps the government's failure to deny should be read as an implicit admission that Heiss did indeed request that his attorney file a notice of appeal. Cf. Fed. R. Civ. P. 8(d). See also § 2255 R. 12 (criminal or civil rules may be applied where appropriate when

---

[1] The government also makes no representation as to whether it contacted Galvan to ask him whether Heiss made such a request. Although Galvan was provided with a copy of Heiss's motion, Galvan was never ordered to file any statement regarding whether Heiss made the request and no statement has been filed by Galvan.

there is no specific § 2255 Rule and it is consistent with the § 2255 Rules). However, unlike the Civil Rules which distinguish responsive motions (Fed. R. Civ. P. 12) from an answer (Fed. R. Civ. P. 7(a), 8), the § 2255 Rules only provide for an answer (§ 2255 R. 5), which can be in the nature of a motion to dismiss. Therefore, it cannot necessarily be assumed that the government is admitting the factual allegations of Heiss's motion.

The government's contention is without merit. The Seventh Circuit has joined other circuits in holding that a federal defendant, who shows that he or she requested defense counsel to perfect an appeal and that counsel failed to do so, is entitled to relief in the form of a right to an appellate proceeding regardless of whether the defendant can show that the appeal would be meritorious. Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994); United States v. Nagib, 44 F.3d 619, 620-21 (7th Cir. 1995). See also Fern v. Gramley, 99 F.3d 255 (7th Cir. 1996). In the present situation, all that need be shown to satisfy the prejudice prong of an ineffective assistance of counsel claim is that there is a reasonable probability that, but for counsel's failure, Heiss would have timely appealed. See Roe v. Flores-Ortega, 120 S. Ct. 1029, 1038 (2000).[2]

---

[2]Roe addresses the question of the appropriate standard to apply when the attorney fails to advise and inquire as to whether the defendant desired to appeal or where the defendant's intentions were not clearly conveyed to counsel.

The Seventh Circuit generally has required a specific finding as to whether the defendant actually requested that his or her attorney file a notice of appeal. See Kusay v. United States, 62 F.3d 192, 196 (7th Cir. 1995); Fern, 99 F.3d at 260; Castellanos, 26 F.3d at 720. In Nagib, 44 F.3d at 622-23, the Seventh Circuit initially remanded the case for a specific finding. On reconsideration, however, no remand was required because the government expressly conceded that it could not show that Nagib's contention as to what happened was untrue. United States v. Nagib, 56 F.3d 798, 800-01 (7th Cir. 1995), cert. denied, 521 U.S. 1127 (1997). See also United States v. Mitchell, 58 F.3d 1221, 1223 (7th Cir. 1995). As previously discussed, it is not clear that the government implicitly concedes the truth of Heiss's factual allegation. Therefore, the next step that will be taken in the present case is to expand the record, see § 2255 R. 7, by requiring defense counsel to file an affidavit or declaration as to whether Heiss timely requested that he file a notice of appeal, and any additional facts counsel believes would be pertinent. Depending on the contents of that statement and/or any express concession by the government,[3] the court will enter an appropriate order regarding further proceedings.

---

[3] If, because of contact with Galvan or for other reasons, the government concludes that Heiss did indeed timely request that his attorney file a notice of appeal, the government should promptly inform the court that it admits Heiss's allegation that he made such a request.

IT IS THEREFORE ORDERED that, within 10 days, Luis Galvan shall file an affidavit or declaration stating whether Robert Heiss requested that Galvan file a notice of appeal as to Heiss's sentence and conviction in 98 CR 535-1 and, if so, the date the request was made. The statement shall also include any additional facts that may be pertinent to the issue before the court.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MAY 24, 2000