JS6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | **WILLIAM T. HART** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | (98 CR 535 - 1) | **DATE** | OCT. 25 , 2000 |
| **CASE TITLE** | **UNITED STATES OF AMERICA v. ROBERT HEISS** | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's 28 U.S.C. § 2255 motion is denied. The Clerk of the Court is directed to enter judgment in favor of the government and against defendant denying defendant's 28 U.S.C. § 2255 motion. If defendant wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | 3 number of notices | | |
| ✓ | Notices mailed by judge's staff. | | **OCT 2 7 2000** date docketed | | 12 |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 10/25/2000 date mailed notice | | |
| | CW courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 OCT 26 PH 5: 16 | | mqm mailing initials | |
| | | Date/time received in central Clerk's Office | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,               )
                                        )
                    Plaintiff,          )        No. 00 C 1150
                                        )
          v.                            )        (No. 98 CR 535-1)
                                        )
ROBERT HEISS,                           )
                                        )        **DOCKETED**
                    Defendant.          )
                                                 **OCT 27 2000**

## <u>MEMORANDUM OPINION AND ORDER</u>

On September 7, 1999, defendant Robert Heiss pleaded
guilty to one count of intent to commit murder for hire in
violation of 18 U.S.C. §§ 2 and 1958.  On December 16, 1999,
Heiss was sentenced to 87 months' custody to be followed by
three years' supervised release, plus a $10,000 fine and $100
assessment.  Judgment was entered on December 23, 1999.

On February 22, 2000, Heiss filed a motion pursuant to
28 U.S.C. § 2255.  In that motion he states:  "I asked my
attorney, Mr. Luis Galvan, of the Federal Defender's Program, to
appeal my sentence but I have not heard from him since the date
of sentencing, 12-16-99.  I respectfully request that my
appellate rights be restored and that counsel be provided."
Before the government responded, Heiss filed a supplement to his
§ 2255 motion, in which he repeats that counsel failed to appeal
his sentence and complains that, at that point, it had been

three months since he last heard from his attorney. He also complains that his attorney allowed his "Sixth Amendment rights to be violated by not demanding a speedy trial." The speedy trial issue apparently is a ground that Heiss contends would be raised on appeal.

The government responded to the motion and supplement by arguing that Heiss was not entitled to any relief because he could not satisfy the prejudice component of an ineffective assistance of counsel claim in that Heiss had not alleged any meritorious ground for appeal. The government did not express any view as to whether Heiss had timely requested that his attorney file an appeal. In an order dated May 24, 2000, it was held that, to show prejudice, it need only be shown that there is a reasonable probability that, absent counsel's error, Heiss would have timely appealed his conviction or sentence. United States v. Heiss, 2000 WL 696787 *1 (N.D. Ill. May 30, 2000[1]). Galvan was ordered to file an affidavit or declaration regarding whether Heiss had requested that he file a notice of appeal. Galvan subsequently filed an affidavit and the parties were thereafter permitted to file their comments.[2]

---

[1]Westlaw uses the date the order was docketed, not the date it was issued.

[2]Before receiving the May 24 Order, Heiss mailed a document he labeled as an Addendum to his § 2255 motion. The document was received at the court on May 30, 2000. In that document, Heiss demands that the United States Attorney and court "prove jurisdiction." To the extent Heiss is seeking to raise any issue other than restoring his right to appeal, he will not be permitted to amend his § 2255 motion. The only issue that will be considered on the present motion is Heiss's right to

In ¶ 7 of his affidavit, Galvan states, among other things, that "[p]rior to sentencing I discussed with Mr. Heiss his rights to appeal and the time limits for filing a notice of appeal." In his response to the affidavit, Heiss admits that this is true. Also, in the plea agreement, Heiss waived his right to raise appellate issues that might have been available if he had gone to trial, and to appeal a sentence within the statutory maximum (or raising the manner in which the sentence was determined). He also waived his right to challenge, in a collateral attack, his sentence or the manner in which it was determined. However, this waiver "does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or its negotiations." Recently, the Seventh Circuit construed this language as being inapplicable to challenges to the conviction itself, in contrast to the sentence. See Bridgeman v. United States, ___ F.3d ___, 2000 WL 1456880 *2 (7th Cir. Oct. 2, 2000). Galvan also states that he advised Heiss that his appellate rights were "limited."[3] Heiss does not deny this, but states in an unsworn pleading

---

appeal. If Heiss desires to raise other issues in a § 2255 motion, he should file a separate motion and clearly state all claims that he desires to raise. The present § 2255 motion, limited to the right to appeal, will not bar a subsequent § 2255 motion as a successive motion. See Shepeck v. United States, 150 F.3d 800 (7th Cir. 1998).

[3]At the sentencing hearing, the assistant United States attorney stated in Heiss's presence: "Well, if the Court is going to accept the plea agreement, again I wanted to review the fact that the defendant was going to be waiving appeal and a sentence no matter what this Court determines with regards to the departure motions." Dec. 16, 1999 Tr. at 3.

that: "Mr. Galvan glossed through my appellate rights without emphasizing the significant rights I was waiving."[4]

Most importantly, Galvan states that the first time Heiss raised the possibility of an appeal was in a letter dated February 7, 2000. In response in his unsworn pleading, Heiss again claims that, on the day of sentencing, he requested that Galvan file an appeal. However, in the February 7 letter (which Heiss admits he sent), Heiss states, "They tell me I only had ten days to appeal my sentence." This implies that he knew the time had already run without the filing of an appeal being requested.[5]

Heiss's attorney states in a sworn affidavit that Heiss did not request that he file an appeal. This statement is accepted as true. Heiss's unsworn assertions to the contrary, that he made such a request on the date of sentencing, do not require that a hearing be held. See Torres v. United States, 1997 WL 684982 *5 (N.D. Ill. Oct. 29, 1997). On the record before the court, it is found that Heiss never requested that Galvan file a notice of appeal.

---

[4]At the time his plea was accepted, Heiss was questioned as to whether he was fully advised of his rights and understood the rights he was waiving and he answered affirmatively. Sept. 7, 1999 Tr. at 8-10. He also stated that he had had enough time to talk to his attorney. Id. at 7.

[5]The letter also includes the following passage: "Is there a reason why you haven't contacted me? From what they tell me I am not to be sent to a 'camp' because of the nature of the crime I pled guilty to. Do I have any chance to appeal?" Heiss may be referring to an administrative appeal of his placement. If he is referring to an appeal of his conviction, this also implies that he had not previously requested that Galvan file an appeal.

It is also Heiss's contention that Galvan did not contact him during the ten-day period following his sentencing. Galvan's affidavit corroborates this contention. Galvan states that, shortly after sentencing, Heiss was transferred to the Peoria County Jail. Galvan planned to visit him there since Galvan was to also visit a client in a nearby jail. The day before his trip, Galvan was advised that Heiss had been transferred to the federal facility in Terre Haute, Indiana. However, Galvan does state that, following the sentencing, he had the opportunity to communicate with Galvan. Heiss does not dispute that this conversation occurred, but he does dispute some of the details of the conversation. During this conversation, Heiss requested that Galvan handle certain personal matters, primarily related to property. According to Galvan, this did not include a request to appeal the sentence or conviction.

Even assuming that, despite the post-sentencing conversation that occurred, it was deficient performance for Galvan not to contact Heiss during the next ten days, Heiss would still have to show that there is a reasonable probability that he would have requested the filing of an appeal if a meeting had occurred. Roe v. Flores-Ortega, 120 S. Ct. 1029, 1038 (2000). Heiss did not request the filing of an appeal on the day of his sentencing, nor did he request it in his February 7 letter to Galvan. Especially in light of the limited appellate rights available under his plea agreement, the record does not support that there is a reasonable probability that

Heiss would have requested the filing of a notice of appeal if he had had another opportunity to meet with Galvan.

For the foregoing reasons, Heiss is not entitled to relief in the form of requiring his attorney to now perfect an appeal.

IT IS THEREFORE ORDERED that defendant's 28 U.S.C. § 2255 motion is denied. The Clerk of the Court is directed to enter judgment in favor of the government and against defendant denying defendant's 28 U.S.C. § 2255 motion. If defendant wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 25, 2000